CARLSMITH BALL LLP

| | |
|---|---|
| MICHAEL M. PURPURA | 9121 |
| ERIKA L. AMATORE | 8580 |
| KENJI M. PRICE | 10523 |

1001 Bishop Street, Suite 2100
Honolulu, HI 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
mpurpura@carlsmith.com
eamatore@carlsmith.com
kprice@carlsmith.com

Attorneys for Defendant
CRANE CO.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM S. TILFORD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>1) CRANE COMPANY, a Delaware corporation;<br><br>2) AIR & LIQUID SYSTEMS CORPORATION, Successor-by-merger to BUFFALO PUMPS, INC., a New York corporation;<br><br>3) FLOWSERVE US INC., solely as successor to ROCKWELL MANUFACTURING COMPANY, successor-in-interest to EDWARD VALVE AND MANUFACTURING COMPANY, and successor-in-interest to EDWARD VALVES, INC., a New York corporation, and<br><br>4) DOES 1 to 25,<br><br>　　　　Defendants. | CIVIL NO. _____<br><br>DEFENDANT CRANE CO.'S **NOTICE OF REMOVAL**; DECLARATION OF KENJI M. PRICE; EXHIBITS "A" – "E"; DEMAND FOR JURY TRIAL; CIVIL COVER SHEET; CERTIFICATE OF SERVICE |

## DEFENDANT CRANE CO.'S NOTICE OF REMOVAL

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII AND TO PLAINTIFF AND HIS COUNSEL OF RECORD.

Defendant Crane Co. ("**Crane Co.**") hereby removes this action from the Circuit Court of the First Circuit, State of Hawai'i, to the United States District Court for the District of Hawaii, under 28 U.S.C. §§ 1442(a)(1) and 1446. The jurisdictional basis for removal is federal-officer jurisdiction. Crane Co. provides the following short and plain statement of the grounds for removal:

1.  On August 8, 2017, Plaintiff William S. Tilford ("**Plaintiff**") filed his Complaint in the Circuit Court of the First Circuit, State of Hawai'i ("**Complaint**"), and served it on Crane Co. on August 15, 2017. Attached hereto as Exhibit "**A**" is a true and correct copy of the Complaint.

2.  The Complaint alleges that Plaintiff was exposed to asbestos products that Crane Co. "sold and supplied . . . to the United States Navy . . . ." *See* Ex. A ¶ 5. Specifically, The Complaint alleges that "Defendants sold and supplied certain equipment to the United States Navy . . ., which contained asbestos gaskets and/or packing and which were sold by said defendants as after-market replacement parts and which required asbestos insulation, or required other asbestos containing parts to function properly; and also sold replacement component parts for their equipment, including asbestos gaskets and packing

which were identical to their commercial counterparts." *See* Ex. A ¶ 5. Plaintiff also alleges that he was in the Navy "during the approximate years 1964 to 1980 aboard the USS Glennon (DD-840, USS Sam Houston, and USS Guardfish (SSN-612), and at the Pearl Harbor Subase as part of SubRon 7, a squadron of submaries homeported in Hawaii, where asbestos products were being used; and worked in and on ships and submarines where the said asbestos products were being used; and was repeatedly exposed to great quantities of asbestos, asbestos dust and asbestos fibers; and on these and other occasions . . . inhaled asbestos dust and fibers from said asbestos products; and said exposures and inhalation directly and proximately caused Plaintiff to develop malignant mesothelioma and other asbestos-related diseases and injuries . . . ." *See* Exh. A ¶ 6.

3.      The allegation that Plaintiff was exposed to Crane Co. products while serving in the U.S. Navy gives rise to Crane Co.'s federal defense – often referred to as the government-contractor defense. In short, any product that Plaintiff alleges Crane Co. manufactured for or supplied to the Navy (and any product literature, labeling, or warnings that accompanied that product) would be subject to Navy specifications and requirements. Federal officers exercised their discretion regarding whether (1) asbestos was used in the product and (2) whether a warning would accompany the product (and if so, what it would say). Without approval from a federal officer, Crane Co.'s products could not have been used by the Navy.

4. This notice of removal is timely under 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing it within 30 days of being served with the Complaint.

5. Also, removal to the United States District Court for the District of Hawaii is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Circuit Court of the First Circuit, State of Hawai'i, which is located within the jurisdiction of the United States District Court for the District of Hawaii.

6. Removal is proper under 28 U.S.C. § 1442(a)(1) where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based on federal law. *See Mesa v. California*, 489 U.S. 121, 124–25, 129–31, 134–35 (1989). Crane Co. meets all four elements and therefore is entitled to remove this action. Indeed, the United States Courts of Appeals for the Second, Fifth, and Ninth Circuits have all recently held that Crane Co. establishes a colorable federal defense and meets all of the requirements of federal-officer removal based on allegations and evidence nearly identical to those submitted here. *See Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014); *Zeringue v.*

*Crane Co.*, 846 F.3d 785 (5th Cir. 2017); *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014).

7. The right of equipment manufacturers to remove asbestos personal-injury actions involving allegations of exposure on U.S. Navy ships has also been upheld in cases involving other similarly situated defendants by the Third, Fourth, and Seventh Circuits. *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805 (3d Cir. 2016); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017); *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012).

8. On the first element, Crane Co., as a corporation, qualifies as a "person" under the statute. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

9. With respect to the second element for federal-officer removal, Crane Co. was acting under the direction of the Navy in the design, manufacture, and sale of its products for and to the Navy. Crane Co. products were designed and manufactured in accordance with precise contracts and specifications approved by the Navy. *See* Affidavit of Anthony D. Pantaleoni ("**Pantaleoni Aff.**"), at ¶¶ 5–6, attached as Exhibit "**B**"; Affidavit of David P. Sargent, Jr. ("**Sargent Aff.**"), at ¶¶ 22–32, attached as Exhibit "**C**." Since the 1950s, the Navy has issued Military Specifications (MILSPECs) for various products, including the types of products allegedly manufactured or supplied by Crane Co., and certain MILSPECs

required the use of asbestos or asbestos components. *See* Sargent Aff., at ¶¶ 26–27, 32. Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff. at ¶ 29. And unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. Sargent Aff. at ¶ 29. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

10. In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. products detailed above, there exists a strong causal nexus between Plaintiff's claims and Crane Co.'s actions, thereby meeting the third element. Plaintiff's claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

11. With respect to the fourth element, Crane Co.'s government-contractor defense is a colorable federal defense to Plaintiff's claims. As set forth in the product-liability, design-defect context by the Supreme Court of the United States in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), the government-contractor defense applies when: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in

the use of the equipment that were known to the supplier but not to the United States." *Id.* at 512; *see also Leite*, 749 F.3d at 1123.[1]

12. As the Second, Fifth, and Ninth Circuits have all recognized, Crane Co. has a colorable federal defense because, as detailed above, the Navy provided Crane Co. with precise specifications regarding its products and Crane Co. delivered products that conformed to those specifications. Sargent Aff. at ¶¶ 23–32; Pantaleoni Aff. at ¶¶ 5–6. The Navy, as one of the leaders in state-of-the-art industrial hygiene, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co. *See* Affidavit of Samuel A. Forman ("**Forman Aff.**"), at ¶¶ 21–23, attached as Exhibit "**D**." The Navy's specifications governed not only the design and construction of Crane Co.'s products, but also the form and content of any labeling, product literature, or warnings supplied with the products. Sargent Aff. at ¶¶ 23–32. The Navy reviewed the proposed product literature and labeling that accompanied equipment and, at its discretion, edited the wording of instructional material and warnings, approving certain warning language and disapproving other language. *See* Sargent Aff. at ¶ 59. Thus, Crane Co. has a colorable government-contractor defense.

---

[1] To establish the defense in a failure-to-warn context, the elements are slightly modified to include a showing that (1) the Navy exercised its discretion and approved certain warnings; (2) the defendant provided the warnings required by the Navy; and (3) the defendant warned the Navy about any hazards that were known to it but not by the Navy. *Id.*

13. As required by Section 1446(a), copies of all process, pleadings, and orders served on Crane Co. are being filed with this notice.

14. Under 28 U.S.C. § 1446(d), Crane Co. is filing written notice of this removal with the Circuit Court of the First Circuit, State of Hawaiʻi, and will serve that state court notice on counsel of record. A copy of the notice to be filed in state court is attached hereto as Exhibit "**E**".

WHEREFORE, Crane Co. requests that this Court assume jurisdiction over this matter on removal from the Circuit Court of the First Circuit, State of Hawaiʻi.

DATED: Honolulu, Hawaiʻi, September 13, 2017.

/s/ Kenji M. Price
MICHAEL M. PURPURA
ERIKA L. AMATORE
KENJI M. PRICE

Attorneys for Defendant
CRANE CO.